**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| First National Bank of Pennsylvania, | **Civil Action No. 7:26-cv-01274-DCC** |
| Plaintiff, | |
| vs. | **DEFENDANT LIMESTONE UNIVERSITY'S ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES** |
| Limestone University and the United States Department of Agriculture, | |
| Defendants. | |

Defendant Limestone University ("Limestone") provides the following responses to the Interrogatories to Be Answered by Each Party under Local Civ. Rule 26.01 (D.S.C.):

**(A)  State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.**

**ANSWER:**  None.

**(B)  As to each claim, state whether it should be tried jury or nonjury and why.**

**ANSWER:**  The claims alleged in this case should be tried nonjury.  The first cause of action in the Complaint is an Action on Note, which is for breach of contract, and Limestone asserts no defenses which would give rise to a jury trial.  The second cause of action is for the dissolution of Limestone, as a non-profit corporation pursuant to S.C. Code § 33-31-1430, and the appointment of a receiver, which are, upon information and belief, claims for equitable relief.  The third (and last) cause of action is for a determination of priority under the Federal Priority Statute, 31

1

U.S.C. § 3713, which also seeks equitable relief.

**(C)** **State whether the party submitting the responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.**

**ANSWER:** The response to each of (1), (2) and (3) of this Interrogatory is none. Limestone is a non-profit corporation.

**(D)** **State the basis for assert the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).** *See* **Local Civ. Rule 3.01 (D.S.C.).**

**ANSWER:** Limestone does not challenge the appropriateness of Plaintiff's assertion of its claims in this division. Limestone is a South Carolina non-profit corporation, and it is located in Gaffney, South Carolina, in Cherokee County, South Carolina, within this division.

**(E)** **Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that *may* be related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination**

2

**of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

**ANSWER:** This action involves a receivership of Limestone. Another action in which Limestone is a party is pending in this Court which is indirectly related to this action.

1. The other action is *Natalie Ruth, individually and on behalf of those similarly situated v. Limestone University,* Case No. 7:25-cv-04838-DCC.

2. The *Ruth v. Limestone University* action is an alleged class action by a former employee of Limestone under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 – 2109 (the "**WARN Act**"). The WARN Act claim is not directly related to the action for a receivership; however, all of Limestone's assets are now part of the receivership estate in this action. If the Plaintiff were able to prove a claim against Limestone (Limestone denies all claims under the WARN Act, and Limestone denies any liability to Plaintiff), the claim would necessarily be against the Limestone receivership estate. Accordingly, the WARN Act action is indirectly related to this action.

3. The WARN Act action is still in its early stages. Class certification has not yet been granted, and discovery has not begun, or is only in its initial stage.

**(F) If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

**ANSWER:** Not applicable; Limestone is properly identified.

3

(G) **If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.**

**ANSWER:** Not applicable.

(H) **In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).**

**ANSWER:** Not applicable. As alleged in the Complaint, jurisdiction for this action is based on federal question jurisdiction.

*/s/ Julio E. Mendoza, Jr.*
Julio E. Mendoza, Jr., Fed. ID No. 3365
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, South Carolina 29202
Telephone: 803-540-2026
Email: rmendoza@maynardnexsen.com

Attorney for Defendant Limestone University

April 16, 2026
Columbia, South Carolina

4